IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| _____ | ) | |
| CONTINENTAL AIRLINES, INC., *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | Nos. 11-1479, 12-1069, |
| v. | ) ) ) | 12-1070, 12-1073, and 12-1086 (consolidated) |
| FEDERAL ENERGY REGULATORY COMMISSION and UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Respondents. _____ | ) ) | |
| _____ | ) | |
| TESORO REFINING & MARKETING COMPANY LLC, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 15-1101 |
| FEDERAL ENERGY REGULATORY COMMISSION and UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Respondents. _____ | ) ) | |

| | |
|---|---|
| VALERO MARKETING AND SUPPLY COMPANY,  )<br>)<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)  No. 15-1106<br>FEDERAL ENERGY  )<br>REGULATORY COMMISSION  )<br>    and  )<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondents.  )<br>)  | |

## JOINT UNOPPOSED MOTION OF PETITIONERS TO GOVERN AND PROPOSED BRIEFING FORMAT AND SCHEDULE

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, petitioners in the above-captioned proceedings, with intervenor SFPP, L.P. ("SFPP")[1], hereby move this Court to issue an Order to Govern Further Proceedings that incorporates the joint proposed format and schedule for briefing included in the body of this motion. In support of this motion, all petitioners have conferred upon and agreed to the proposed format and schedule for briefing. In addition, Respondents Federal Energy Regulatory Commission ("FERC" or "Commission") and United States of America ("USA") have authorized the petitioners to state that they do not oppose this motion.

---

[1] SFPP filed a petition for review on the same date this motion is filed but has not been assigned a case number. For purposes of this motion, we include SFPP in the collective petitioners.

The petitions in these cases challenge three FERC orders: (1) "Opinion and Order on Initial Decision," Opinion No. 511, *SFPP, L.P.*, 134 FERC ¶ 61,121 (2011); (2) "Order on Rehearing and Compliance Filing," Opinion No. 511-A, *SFPP, L.P.*, 137 FERC ¶ 61,220 (2011); and (3) "Order on Rehearing and Compliance Filing," Opinion No. 511-B, *SFPP, L.P.*, 150 FERC ¶ 61,096 (2015).

The petitions raise concerns about the rates charged by SFPP, L.P. ("SFPP"), a common carrier pipeline regulated under the Interstate Commerce Act. Petitions are brought by two groups of petitioners: (1) Shippers and (2) SFPP. Shippers are all customers on SFPP's West Line, and consist of (1) United Airlines, Inc.;[2] Delta Air Lines, Inc.;[3] Southwest Airlines Co.; and US Airways Inc. (petitioners in Case No. 11-1479); (2) BP West Coast Products LLC (petitioner in Case No. 12-1069); (3) ExxonMobil Oil Corporation (petitioner in Case No. 12-1070); (4) Phillips 66 Company (successor to ConocoPhillips Company, petitioner in Case No. 12-1073); (5) Chevron Products Company (petitioner in Case No. 12-1086); (6) Tesoro

---

[2] Continental Airlines, Inc. was a party in the underlying proceeding. On March 31, 2013, United Air Lines, Inc. was merged with Continental Airlines, Inc. and the name of the surviving entity, Continental Airlines, Inc. was contemporaneously changed to United Airlines, Inc. United Airlines, Inc. is the successor in interest to all rights, claims and interests of both Continental Airlines, Inc. and United Air Lines, Inc. On April 20, 2015, United filed a Motion to Substitute Party.

[3] Northwest Airlines, Inc. ("Northwest") was a party in the underlying proceeding. After the underlying proceeding was concluded, Northwest merged with Delta Air Lines, Inc. ("Delta") and no longer exists as a separate entity. Delta is the successor in interest to all rights, claims and interests of Northwest. Delta currently ships under the name of its wholly-owned subsidiary Epsilon Trading, LLC.

Refining and Marketing Company LLC ("Tesoro," petitioner in Case No. 15-1101); and (7) Valero Marketing and Supply Company ("Valero," petitioner in Case No. 15-1106).  The respondents in all cases are (or, in SFPP's case, will be) the Commission and the United States of America ("USA").

Petitions for review in Case Nos. 11-1479, 12-1069, 12-1070, 12-1073, and 12-1086 have been held in abeyance by this Court pursuant to Orders issued on January 26 and February 21, 2012.  The Commission's issuance of Opinion No. 511-B on February 19, 2015 resolved pending Commission proceedings related to these petitions and rendered these petitions ripe for this Court's review.  In addition, Tesoro's petition for review in Case No. 15-1101, Valero's petition for review in Case No. 15-1106, and SFPP's forthcoming petition (each of which likely will be consolidated with Case Nos. 11-1479, 12-1069, 12-1070, 12-1073, and 12-1086, as they seek review of the same decisions), are (or, in SFPP's case, will be) properly before this Court for review.

## PROPOSED BRIEFING FORMAT AND SCHEDULE

All of the petitioners involved in these cases have reached an agreement on a proposed briefing format and schedule. As noted above, respondents FERC and the USA do not oppose Petitioners' proposed format. Petitioners have structured this proposal to ensure that there is balanced briefing on all sides, to provide the Commission and the USA an adequate opportunity to respond to two sets of petitioners' opening briefs, to avoid duplicative briefing, and to comply with this Court's rules and guidelines.

## PROPOSED BRIEFING FORMAT

| BRIEF | WORD LIMIT | DEADLINE |
| --- | --- | --- |
| **Petitioners' Briefs** | | |
| Shippers' Joint Opening Brief | 14,000 words total | 60 days after entry of briefing schedule |
| SFPP, L.P.'s Opening Brief | 14,000 words total | 60 days after entry of briefing schedule |

**Respondents' Brief**

| | | |
|---|---|---|
| Joint Response Brief of the Federal Energy Regulatory Commission and the USA | 28,000 words total | 60 days after Petitioners' briefs |

**Intervenor-Respondents' Briefs**

| | | |
|---|---|---|
| Brief of Intervenors in Support of Respondents and Opposed to Shippers | 8,750 words total | 15 days after Respondents' Brief |
| Joint Brief of Intervenors in Support of Respondents and Opposed to SFPP, L.P. | 8,750 words total | 15 days after Respondents' Brief |

**Petitioners' Reply Briefs**

| | | |
|---|---|---|
| Joint Reply Brief of Shippers | 7,000 words total | 30 days after Intervenors' Briefs |
| Reply Brief of SFPP, L.P. | 7,000 words total | 30 days after Intervenors' Briefs |

**Joint Appendix**                                                    14 days after reply briefs

**Final Briefs**                                                      7 days after Joint Appendix

## JUSTIFICATION FOR THE PROPOSED BRIEFING SCHEDULE

This case will involve eight consolidated appeals that challenge aspects of FERC decisions regarding the rates charged by SFPP on its West Line pipeline facilities.

1. ***Petitioners' Briefs.*** The petitioners fall into two groups: (1) Shippers and (2) SFPP.

    a. ***Shippers***. Shippers propose to file one joint opening brief within a 14,000-word limit—the standard allotment for an initial brief, in compliance with Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32.

    b. ***SFPP.*** SFPP will file one opening brief with a 14,000 word limit—the standard allotment for an initial brief, in compliance with Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32.

2. ***Respondents' Brief***. Petitioners propose that respondents FERC and the USA shall have a joint allocation of 14,000 words to respond to each of the briefs filed by each group of petitioners, for a total limit of 28,000 words. In addition, the petitioners propose that the Commission and the USA should receive 60 days from the date the petitioners file briefs in order to file their joint responsive brief. This interval is appropriate because the Commission and the USA will respond to two petitioners' briefs on two separate sets of issues. Moreover, the requested briefing interval will facilitate efficient coordination of respondents' case loads and

lessens the probability that the Commission and the USA will be forced to seek an extension after briefing has commenced.

3. ***Intervenors' Briefs:*** Shippers intend to intervene on behalf of the Commission and the USA in opposition to SFPP in the case arising out of SFPP's forthcoming petition for review. In addition, SFPP has intervened on behalf of the Commission and the USA in opposition to Shippers in consolidated Case Nos. 11-1479, *et al*. Consequently, in accordance with Circuit Rule 15(b), Shippers and SFPP will be intervenors in all cases involving the same Commission orders. No other intervenors are currently party to this case.

SFPP (singly) and Shippers (jointly) will be allocated 8,750 words—the standard allotment for a single intervenors' brief. As both groups are Respondent-Intervenors, briefs will be due 15 days after the Commission and the USA file their joint brief. SFPP will raise non-duplicative arguments in support of the Commission and the USA and in opposition to Shippers, while Shippers will raise—in one joint brief—non-duplicative arguments in support of the Commission and the USA and in opposition to SFPP.

4. ***Petitioners' Reply Briefs, Joint Appendix, Final Brief.*** Petitioners' reply briefs will be allocated 7,000 words each, the standard allotment. Shippers will file one joint reply brief, and SFPP will file a reply brief. Reply briefs will be due 30 days after Intervenor-Respondents file their briefs.

The petitioners also propose that the parties file a Joint Appendix 14 days after the petitioners file reply briefs. Any final briefs will then be due 7 days after the Joint Appendix is filed.

## CONCLUSION

The petitioners submit that the proposed briefing format and schedule set forth above is reasonable and appropriate. As a result, the petitioners jointly move this Court, without opposition, to issue an Order to Govern Further Proceedings that incorporates the proposed format and schedule.

                                        Respectfully Submitted,

*/s/ Thomas J. Eastment*                */s/ George Weber*
Thomas J. Eastment                      George Weber
Gregory S. Wagner                       Weber & Associates, P.C.
BAKER BOTTS L.L.P.                      1629 K Street, NW
1299 Pennsylvania Ave., N.W.            Washington, DC 20036
Washington, DC 20004-2400               Telephone: (202) 638-0200
Telephone: (202) 639-7700
tom.eastment@bakerbotts.com             *Counsel for Chevron Products*
gregory.wagner@bakerbotts.com           *Company*

*Counsel for BP West Coast Products*
*LLC and ExxonMobil Oil Corporation*

*/s/ Richard E. Powers, Jr.*
Richard E. Powers, Jr.
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone:  (202) 344-4360
repowers@venable.com

*Counsel for United Airlines, Inc.; Delta Air Lines, Inc.; Southwest Airlines Company; and US Airways, Inc.*

*/s/ Charles Caldwell*
Charles Caldwell
Dean H. Lefler
Elizabeth B. Kohlhausen
Caldwell Boudreaux Lefler PLLC
1800 West Loop South, Suite 1680
Houston, TX 77027
Telephone:  (713) 357-6776
ccaldwell@cblpipelinelaw.com
dlefler@cblpipelinelaw.com
ekohlhausen@cblpipelinelaw.com

*Counsel for SFPP, L.P.*

*/s/ Steven A. Adducci*
Steven A. Adducci
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone:  (202) 344-4361
saadducci@venable.com

*Counsel for Valero Marketing and Supply Company*

Dated:  April 20, 2015

*/s/ Marcus W. Sisk, Jr.*
Marcus W. Sisk, Jr.
Frederick G Jauss, IV
Dorsey & Whitney LLP
1801 K Street, NW, Suite 750
Washington, DC 20006
Telephone:  (202) 442-3000
sisk.marcus@dorsey.com
jauss.fred@dorsey.com

*Counsel for Phillips 66 Company*

*/s/ Melvin Goldstein*
Melvin Goldstein
Goldstein & Associates, P.C.
1757 P Street, NW
Washington, DC 20036
Telephone:  (202) 872-8740
mgoldstein@goldstein.law.com

*Counsel for Tesoro Refining and Marketing Company LLC*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that I have this 20th day of April, 2015, served a copy of the foregoing document electronically through the Court's CM/ECF system on all registered counsel.

*/s/ Gregory S. Wagner*
Gregory S. Wagner